**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

|  |  |  |
|---|---|---|
| DEWAYNE BUTTERWORTH, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 6:21-cv-03323-NKL |
| v. | ) | |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| Acting Commissioner of Social Security, | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

**ORDER**

Plaintiff Dewayne Butterworth, Jr. seeks review of the denial by the Commissioner of the Social Security Administration (the "Commissioner") of his application for supplemental security income ("SSI") under 42 U.S.C §§ 1381–1385. Mr. Butterworth argues reversal is required because the ALJ improperly rejected Mr. Butterworth's testimony regarding the need to use a cane "for balance" when evaluating his residual functional capacity ("RFC"). As discussed in more detail below, the Commissioner's decision is REVERSED and REMANDED for further proceedings.

**I.     Background**

On April 22, 2019, Mr. Butterworth protectively filed his SSI application, claiming an alleged onset date of September 13, 2018. *See* Tr. 32. The claim was initially denied, and Mr. Butterworth requested a hearing before an administrative law judge. On May 19, 2020, Administrative Law Judge Mary Leary (the "ALJ") held a telephone hearing on Mr. Butterworth's claims. Mr. Butterworth was informed of his right to representation but chose to appear and testify

without an attorney or other representative. The ALJ ultimately concluded that Mr. Butterworth was not disabled. Tr. 42.

Applying the five-step process laid out in 20 C.F.R. § 404.1520(a), the ALJ concluded that Mr. Butterworth had several severe impairments: dysphonia status post thyroplasty; laryngeal edema; chronic laryngitis; mild lumbar compression fracture; lumbar spondylosis and radiculopathy; status post left rotator cuff surgery; degenerative joint disease of the bilateral shoulders and bilateral hips; and diabetes mellitus. *See* Tr. 35. However, none of these impairments—individually or cumulatively—were found to meet or equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* at 37. The ALJ then found Mr. Butterworth had the RFC to perform light work with several additional limitations. Specifically, Mr. Butterworth can occasionally lift and carry twenty pounds and can lift and carry ten pounds frequently. Doc. 8–3, at 37. Additionally, he can stand, walk, and/or sit for six hours in an eight-hour day. *Id.* He can occasionally climb ramps and stairs and can frequently balance, occasionally stoop, and frequently kneel, crouch, and crawl. *Id.* But, he could never climb ladders, ropes, or scaffolds. *Id.* He could only reach overhead bilaterally occasionally. *Id.* The ALJ further found that Mr. Butterworth must avoid occupations that require frequent speaking and expose him to loud noises. *Id.* Also, he must avoid concentrated exposure to vibration, and all but occasional exposure to respiratory irritants. *Id.* Finally, Mr. Butterworth must avoid concentrated exposure to hazards such as dangerous machinery and unprotected heights, and he must be able to use a cane to ambulate. *Id.*

The ALJ then determined that, considering Mr. Butterworth's age, education, work experience, and RFC, he could perform work that existed in significant numbers in the national economy. *Id.* at 41. Based upon the testimony of a vocational expert, the ALJ specifically

concluded that Mr. Butterworth could work as a Blade Balancer, Small Products Assembler, or Mail Clerk. *Id.* at 43. Because Mr. Butterworth could perform work that was available in significant numbers in the national economy, he was deemed not disabled. *Id.*

Mr. Butterworth appealed the ALJ's decision to the Appeals Council on August 21, 2020, which ultimately affirmed the ALJ's decision. Accordingly, the ALJ's decision is a final decision of the Commissioner and is ripe for judicial review.

## II.     Legal Standard

The Court must affirm the Commissioner's denial of social security benefits so long as "there was no legal error" and "the findings of fact are supported by substantial evidence on the record as a whole." *Brown v. Colvin*, 825 F.3d 936, 939 (8th Cir. 2016) (internal citation omitted). "'Substantial evidence is less than a preponderance but enough that a reasonable mind would find it adequate to support the ALJ's conclusion.'" *Milam v. Colvin*, 794 F.3d 978, 983 (8th Cir. 2015) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). The Court must consider evidence that both supports and detracts from the ALJ's decision. *Id.* "[A]s long as substantial evidence in the record supports the Commissioner's decision, [the Court] may not reverse it because substantial evidence [also] exists in the record that would have supported a contrary outcome, or because [the Court] would have decided the case differently." *Andrews v. Colvin*, 791 F.3d 923, 928 (8th Cir. 2015) (quotation marks and citation omitted). Ultimately, the Court must "defer heavily to the findings and conclusions of the Social Security Administration." *Michel v. Colvin*, 640 F. App'x 585, 592 (8th Cir. 2016) (quotation marks and citations omitted).

## III.     Discussion

Mr. Butterworth claims that the ALJ erred in evaluating his RFC. Specifically, Mr. Butterworth argues that the ALJ improperly discounted his testimony regarding the use of his cane.

3

Mr. Butterworth testified that he relies on a cane to walk as well as to to stand and balance more generally. The ALJ addressed only Mr. Butterworth's reliance on a cane to ambulate. Mr. Butterworth argues that this caused the ALJ to improperly conclude that Mr. Butterworth had the RFC to perform work that he could not perform.

The Court agrees that the ALJ improperly analyzed Mr. Butterworth's reliance on a cane when crafting his RFC. And, even assuming that the ALJ implicitly concluded that Mr. Butterworth relied on a cane to stand and balance more generally, remand is appropriate. This is because the ALJ failed to analyze how the use of a cane to stand and balance would affect Mr. Butterworth's ability to perform the work that the ALJ identified at step 5.

### A. Whether the ALJ Erred in Evaluating Mr. Butterworth's Use of His Cane

A claimant's RFC is "what [he] can do" despite his "physical or mental limitations." 20 C.F.R. § 404.1545(a). "To determine a claimant's RFC, the ALJ must move, analytically, from ascertaining the true extent of the claimant's impairments to determining the kind of work the claimant can still do despite her impairments." *Morton v. Saul*, No. 2:19-CV-92, 2021 WL 307552, at *4 (E.D. Mo. Jan. 29, 2021) (citing *Anderson v. Shalala*, 51 F.3d 777, 779 (8th Cir. 1995)). "The ALJ must assess a claimant's RFC based on all relevant, credible evidence in the record, 'including the medical records, observations of treating physicians and others, and an individual's own description of his limitations.'" *Tucker v. Barnhart*, 363 F.3d 781, 783 (8th Cir. 2004) (quoting *McKinney v. Apfel*, 228 F.3d at 860, 863 (8th Cir. 2000)).

Mr. Butterworth argues the ALJ improperly discounted his subjective complaints regarding his use of his cane. When an ALJ evaluates subjective complaints, the ALJ "must consider objective medical evidence, the claimant's work history, and other evidence relating to (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) precipitating

and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the claimant's functional restrictions." *Schwandt v. Berryhill*, 926 F.3d 1004, 1012 (8th Cir. 2019) (citing *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984), and 20 C.F.R. § 404.1529(c)). The ALJ is not required to discuss each of these factors, but the ALJ must still explain his decision to discount subjective complaints such that the Court can determine whether substantial evidence supports it. *Id.* (citation omitted); *T-Mobile S., LLC v. City of Roswell*, 574 U.S. 293, 301–02 (2015) ("[S]ubstantial-evidence review requires that the grounds upon which the administrative agency acted be clearly disclosed."); *see also Lucus v. Saul*, 960 F.3d 1066, 1069 (8th Cir. 2020) ("[W]e do not understand the purported inconsistencies identified by the ALJ. And '[a]bsent some explanation for finding an inconsistency where none appears to exist,' we will not fill in the gaps for the ALJ." (citing *Reed*, 399 F.3d at 921)). The ALJ also "may not discount a claimant's subjective complaints solely because the objective medical evidence does not fully support them." *Renstrom v. Astrue*, 680 F.3d 1057, 1066 (8th Cir. 2012)

Mr. Butterworth argues that, when crafting his RFC, the ALJ should have found that he needed a cane to stand and balance, as well as to walk. Doc. 10, at 5. Mr. Butterworth testified that because of pain in his legs and feet because of plantar fasciitis and diabetic neuropathy, he has difficulty both standing and walking, and therefore he needs the cane to get around. Doc. 10, at 4. The ALJ did not explicitly reject this testimony, but she nevertheless only limited Mr. Butterworth to use a cane while walking. *See* Tr. 39. The Commissioner contends that the ALJ did reject Mr. Butterworth's testimony. For two reasons, the ALJ erred.

First, the ALJ did not support the apparent distinction she drew regarding Mr. Butterworth's cane use. While the ALJ acknowledged Mr. Butterworth's testimony that he used a cane to stand and balance, she did not explicitly reject it. SSR 16-3p requires the Commissioner

to "[e]xplain which of an individual's symptoms [the Commissioner] found consistent or inconsistent with the evidence in [the] record and how [the] evaluation of the individual's symptoms led to [the Commissioner's] conclusions." SSR 16-3p, 2017 WL 5180304, at *8. "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." *Id.* at * 10. By failing to address Mr. Butterworth's claim that he required a cane to stand and balance, the ALJ failed to comply with SSR 16-3p, which is reversible error. *Thomas v. Colvin*, 534 Fed. Appx. 546, 550 (7th Cir. 2013) ("[T]he ALJ's RFC assessment needed to address why [plaintiff's] reported limitations [his reliance on a cane] were or were not consistent with the evidence in the record[,]" and citing predecessor to SSR 16-3p).

Second, the ALJ has an independent obligation to provide enough analysis to facilitate future judicial review. *Grindley v. Kijakazi*, 9 F.4th 622, 631 (8th Cir. 2021) (explaining that an ALJ's opinion must be "clear enough to allow for appropriate judicial review."); *Jennifer S. v. Kijakazi*, 2022 WL 45038, at *2 (N.D. Ill. Jan. 5, 2022) ("In cases where the ALJ denies benefits to a plaintiff, '[s]he must build an accurate and logical bridge from the evidence to h[er] conclusion.'") (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)). Courts often remand for a reassessment of the RFC when the ALJ does not make an explicit finding related to all the ways in which a plaintiff claims to rely on a cane. *See e.g., Jennifer S. v. Kijakazi*, 3:20-CV-50239, 2022 WL 279554, at *3 (N.D. Ill. Jan. 31, 2022) (remanding because "the ALJ did not make a finding that Plaintiff only needed a cane for ambulation, as opposed to balance or standing," instead discussing only the claimant's reliance on a cane to walk); *Stacy A. R. v. Kijakazi*, 20-CV-2593, 2022 WL 2643917, at *7 (D. Minn. July 8, 2022). Based on the analysis provided by the

ALJ, the Court cannot determine whether, and why, the ALJ drew a distinction between the ways in which Mr. Butterworth relies on a cane. Accordingly, remand is appropriate.

This is especially true because, from the Court's review, there is nothing in the record to support a conclusion that Mr. Butterworth relied on a cane to walk, but not to stand and balance more generally. Without evidence to support it, any distinction would not be within the ALJ's "zone of choice[s]." *Buckner v. Astrue*, 646 F.3d 549, 556 (8th Cir. 2011).[1]

### B. Whether the Record Supports Mr. Butterworth's Ability to Perform the Work Identified by the ALJ

Even if the ALJ implicitly concluded that Mr. Butterworth relied on a cane to both walk and stand more generally, remand would be necessary. This is because it is not clear from the record that the ALJ properly considered whether such a limitation would impact Mr. Butterworth's ability to successfully perform the work identified at step five of the sequential analysis.

At step five, the Commissioner must determine "whether the claimant is able to perform other work in the national economy in view of [his] age, education, and work experience." *Guilliams v. Barnhart*, 393 F.3d 798, 803–04 (8th Cir. 2005). To do so, she may rely on the services of a vocational expert, who may respond to a properly formulated hypothetical question to show that work a claimant could successfully perform exists in significant numbers in the national economy. *Id.* at 804. To provide substantial evidence, the vocational expert must be presented with all impairments that the ALJ accepts—or must accept—as true. *See Chamberlain v. Shalala*, 47 F.3d 1489, 1495–96 (8th Cir.1995); *see also Cox v. Astrue*, 495 F.3d 614, 620 (8th Cir. 2007) ("Testimony from a vocational expert is substantial evidence only when the testimony

---

[1] The Commissioner attempts to support the ALJ's apparent distinction in several ways. None of those arguments have merit. At bottom, there is nothing in the record to support a finding that Mr. Butterworth needs a cane to walk but not to stand or balance more generally.

is based on a correctly phrased hypothetical question that captures the concrete consequences of a claimant's deficiencies."). The burden is on the Commissioner at step five, not the claimant. *Cox v. Astrue*, 495 F.3d 614, 621 (8th Cir. 2007).

In response to questioning from the ALJ, the vocational expert identified several jobs—all categorized at the light and unskilled level—that Mr. Butterworth could perform, even with the limitations adopted by the ALJ. These include a Blade Balancer, Mailroom Clerk, and a Small Products Assembler. The vocational expert testified that Mr. Butterworth's use of a cane *to walk* would not affect his ability to perform these jobs. This is because each job is performed at the workstation, and there is no need to "ambulate away," except during lunches and breaks. Doc. 8-3, at 97. The ALJ did not ask—and the vocational expert did not explain—whether and how Mr. Butterworth's reliance on a cane to stand and balance in the work station would impact his ability to perform the tasks required by these or similar jobs. Light work requires the "use of arms and hands to grasp and hold and turn objects." SSR 83-10, 1983 WL 31251, at *6 (S.S.A. Jan. 1, 1983). The ALJ also specifically found that Mr. Butterworth could lift up to twenty pounds, and all the jobs identified by the vocational expert require frequent reaching. For example, when describing the Blade Balancer job, the vocational expert explained that "they're actually balancing the lawn mower blade before it goes on to the machine to make sure that it fits standards. So, they're lifting it from one stack, placing it on the machine, it's balanced, or it's not, [then] they place it on one of two other stacks." Doc. 8-3, at 96. Absent from the record is any evidence that Mr. Butterworth could perform that job, or any of the identified alternatives, with one hand occupied by a cane while standing in the work station. For that reason, remand is necessary. *Zidanich v. Colvin*, No. 16-CV-87, 2016 WL 6275233, at *4 (W.D.N.Y. Oct. 27, 2016) ("If [claimant] needs to use a cane for support and balance, it means that at least one hand is not free to hold other objects and perform

the lifting and carrying requirements of light work, which are not minimal."); *Blanket v. Berryhill*, 2017 WL 2234184, at *4 (E.D. Wash. May 22, 2017) (where the "VE gave no testimony regarding whether the jobs he identified could be performed if Plaintiff required the use of a cane," the court remanded so that the ALJ could "make a finding regarding the circumstances under which Plaintiff's use of a cane is necessary and when it became necessary"); *Suarez v. Colvin*, 13-cv-5236, 2014 WL 5099207, at *12, *14 (S.D.N.Y. Oct. 1, 2014) (remanding in part because the ALJ relied on the VE's testimony in response to the ALJ's hypothetical that omitted any reference to the plaintiff's use of a cane); *Duenes v. Kijakazi*, 578 F. Supp. 3d 859, 873 (S.D. Tex. 2022) ("The ALJ did not question [claimant] about his use of the cane or seek clarification about his ability to walk or balance. Additionally, the VE did not address whether the jobs identified could be performed by someone who needs [a cane.] This failure was not harmless.").

At bottom, it is for the Commissioner to prove that Mr. Butterworth can perform work available in the national economy. On the record before the Court, substantial evidence does not support the ALJ's conclusion that Mr. Butterworth can. This is because Mr. Butterworth must rely on a cane to stand and balance, and there is nothing in the record to support Mr. Butterworth's ability to perform the jobs identified by the vocational expert while relying on a cane to stand in the work station. While the vocational expert testified that Mr. Butterworth's cane use would not affect his job performance because he would not have to ambulate away from the work station, the vocational expert—and therefore the ALJ—failed to consider whether Mr. Butterworth's cane use *at the work station* would preclude him from working. The ALJ must address this issue on remand.

## IV.    CONCLUSION

Substantial evidence does not support the ALJ's RFC determination, nor does it support the ALJ's decision at step 5. These errors were not harmless because the Court "cannot determine

whether the ALJ would have reached the same decision denying benefits" had the ALJ performed the proper analysis. *Lucus v. Saul*, 960 F.3d 1066, 1070 (8th Cir. 2020) (quoting *Brueggemann v. Barnhart*, 348 F.3d 689, 694 (8th Cir. 2003)). Therefore, remand is appropriate.

The ALJ's decision is REVERSED and REMANDED for further action consistent with this Order.

 s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: 12/28/2022
Jefferson City, Missouri